# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SUSANNE M. DOBRANYI, | |
| Plaintiff, | 2:18-cv-01172-APG-VCF |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This matter involves Plaintiff Susanne M. Dobranyi's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Dobranyi's Motion for Reversal or Remand (ECF No. 14) and the Commissioner of Social Security's Motion to Affirm (ECF No. 17). For the reasons stated below the Court recommends denying Burdo's motion to reverse or remand and granting the Commissioner's motion to affirm.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

### I.   Factual Background

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Dobranyi suffered from a severe combination of impairments including degenerative disc disease of the cervical spine and frozen shoulder/left biceps tear. (AR 35).[1] The ALJ examined relevant medical evidence including opinions and reports of a treating physician (Dr. Rita Chuang), opinions of orthopedist Dr. Thomas Kim, opinions of State Agency medical consultants, Ana Hotley, D.O. and Nalini Tella, M.D., and records of medical treatment and visits to physicians. (AR 33-42). The ALJ found that Plaintiff would be able to perform her past relevant work as a keno writer, thus the ALJ denied her social security benefits. (AR 41-42).

---

[1] AR signifies a citation to the administrative record.

Plaintiff challenges the ALJ's finding based on various diagnoses, new medical records, and the opinions of her medical sources. Plaintiff states that the ALJ failed to consider the long term and on-going disabling effects of Plaintiff's diagnosed conditions. (ECF NO. 17 at p. 5).

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Dobranyi is not disabled.

**Discounting the Treating Physician's Opinion**

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

However, the ALJ does not need to automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*

Here, the ALJ considered but did not give significant weight to treating physician Rita Chuang. (AR 40). The ALJ acknowledges that Dr. Chuang has treated the claimant for some time and she is the Dobranyi's family practitioner. The ALJ notes that Dr. Chuang is not an orthopedic specialist. Dr. Chuang opined that the Dobranyi could sit, stand and walk eight hours each; could lift less than five pounds, with no left hand grasping, fingering, handling, pushing or pulling, and occasional reach and feeling with the left; and would miss more than four days of work per month. This assessment by Dr. Chuang was one month status post Dobranyi's shoulder surgery. Dr. Chuang suggested that these limitations were temporary and would decrease over time. Dr. Chuang's treatment notes indicated that she did not conduct a physical examination of the claimant's cervical spine or left shoulder on the date of her opinion. Dr. Chuang's opinion, thus, does not document significant objective or diagnostic findings to support her assessed functional limitations, and appears to simply reflect the claimant's subjective complaints. *Id.*

The ALJ recognized that the objective evidence showed a left shoulder tear and cervical degenerative disc disease (e.g. AR 428, 532, 560-61). The ALJ also considered that Plaintiff underwent left shoulder arthroscopy, lyses of adhesions, and manipulations under anesthesia in June 2014. Dobranyi received treatment consisting of physical therapy, medication, and steroid injections (e.g. AR 291, 405-17, 419, 461-63). The ALJ noted that Dobranyi showed improvement immediately afterward. (AR 39). The ALJ did take into consideration Dobranyi's treatment with Dr. Wu, a pain management provider, and Dr. Hanson, an orthopedist. The ALJ reviewed the records from Dr. Wu and Dr. Hanson and reasonably found that the medical evidence showed some abnormalities, but no disabling physical limitations. (AR 39). The ALJ states that, "[t]he claimant's allegations regarding the severity of her symptoms and limitations are greater than expected in light of the objective evidence of record. Specifically, the evidence does not support the conclusion that claimant is entirely unable to work as the result of her physical impairments. (AR 39).

Upon clinical examination, Plaintiff had full range of motion in her upper and lower extremities, except she was unable to raise her left arm above the head; she had a normal lumbar curvature and no paraspinal muscle spasms, though she was positive for the straight leg raising test bilaterally and had limited lumbar range of motion; and Plaintiff had a normal gait and station, almost full strength (4/5) on the left arm, and generally intact sensation. (AR 570, 573, 576, 579, 582, 585, 588, 591, 594, 597, 600, 603).

The ALJ's gave great weight to the opinions of the State agency medical consultants, Ana Hotley, D.O. and Nalini Tella, M.D. Dr. Hotley and Dr. Tella opined that Plaintiff could perform a range of light work with limitations on the use of her left arm due to her combined cervical spine and shoulder impairments (AR 88-90, 103-05). The ALJ gave great weight to Drs. Hotley and Tella's opinions because they were consistent with the medical evidence, which included diagnostic imaging and consistent physical examination findings, overall confirms that the claimant is capable of light work (AR 41). *See Bray v. Astrue*, 554 F.3d 1219, 1221 (9th Cir. 2009) (ALJ properly relied "in large part on the [State agency] physician's assessment" in assessing the claimant's RFC"). The ALJ, however, found that Plaintiff's cervical spine impairment resulted in a limitation in overhead reaching on both sides (AR 41). *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) (when weighing a medical opinion, ALJ does not have to agree with everything contained in that opinion).

Because these opinions were consistent with medical evidence, and they were based upon the record as a whole. (AR 40). When presented with contradicting medical evidence, as here, the ALJ is "responsible for determining credibility and resolving conflicts in medical testimony," which involves considering and according weight to the medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Evidence in the record supports the ALJ's analysis of the conflicting opinions of the physicians.

ALJ's RFC was supported by Plaintiff's daily activities (AR 40). *See Thomas*, 278 F.3d at 958-59 (holding that the ALJ's finding that claimant could perform various household chores constituted a valid reason, among others, for discounting claimant's testimony). Plaintiff testified that she is able to perform some household chores including cooking and driving. (AR 226-28, 242-44). Although Plaintiff indicated that her husband and daughter helped with chores and tasks, the ALJ pointed out that her husband worked a graveyard shift and slept during the day, while her daughter was at school (AR 40, 226-28, 242-43). The ALJ reasonably found that Plaintiff was without assistance for most of the day and was still able to perform a range of daily tasks (AR 40). *Molina*, 674 F.3d at 1113 ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment").

Plaintiff primarily challenges the ALJ's decision by pointing to medical evidence dated after the ALJ's decision that she submitted to the Appeals Council (Plaintiff's Brief (hereafter referred to as Pl.'s Br.) at 4). Contrary to Plaintiff's argument (Pl.'s Br. at 4-5), this new evidence does not establish that she is disabled because it is not material evidence that would affect the outcome of the ALJ's decision. Here, Plaintiff's additional medical records are not material because they are dated after the ALJ's decision and do not undermine his finding that the medical evidence showed no disabling physical limitations. The medical records are dated between March and May 2017, four to seven months after the ALJ's November 2016 decision, and therefore not relevant to whether Plaintiff was disabled prior to November 2016 (AR 7-27, 42). *See e.g., Burch*, 400 F.3d at 679 (claimant must prove that she became disabled before the end of the relevant time period).

The Court finds that the ALJ based his determination on substantial evidence in the record. The ALJ provided clear and specific reasons for rejecting Dr. Chuang's opinion and Plaintiff's personal testimony. Therefore, the Court recommends denying Dobranyi's motion to reverse or remand and granting the Commissioner's motion to affirm.

ACCORDINGLY,

IT IS RECOMMENDED that be Dobranyi's Motion for Reversal or Remand (ECF No. 17) DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 19) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 9th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE